No. 18,989.

## C. A. POINSETT, *Appellant*, V. MARSHALL FIELD & COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

WORK AND LABOR—*Trial—Interpretation of Pleadings—Defenses under General Denial.* In the circumstances stated in the opinion an instruction allowing a certain defense to be made under a general denial is held not to have been prejudicial where it had been given at a former trial of the case six months before, so that the defendant was advised of the interpretation placed on the pleadings by the court.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed July 7, 1914. Affirmed.

*David F. Carson*, of Kansas City, for the appellant.

*A. L. Berger*, of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: C. A. Poinsett brought action against Marshall Field & Company, a corporation, alleging, in substance, that he had been employed by it for one year as a traveling salesman; that before the expiration of that time the company desired him to work in the house; that he refused to do so unless he should be allowed three dollars a day for expenses; that the company thereupon paid him one month's salary in advance and discharged him. He asked judgment for the amount of salary he would have drawn during the remainder of the year. The company filed an answer consisting only of a general denial. A judgment was rendered for the defendant and the plaintiff appeals.

The jury were instructed that the plaintiff could not recover if he had accepted one month's salary and his expenses to Kansas City in settlement of his claim, and quit the employ of the defendant. The plaintiff contends that this instruction was erroneous, because it

presented the issue of accord and satisfaction, which is an affirmative defense, requiring to be specifically pleaded, and not provable under a general denial. The jury returned an affirmative answer to a question submitted by the plaintiff, asking whether he had accepted $153.77 and agreed to release the defendant from all further liability under his contract. The defendant maintains that the instruction complained of did not present an issue of payment, or of accord and satisfaction, but of the voluntary resignation of the plaintiff. Whatever the defense relied upon may be called, the present judgment ought not to be reversed on the ground that it was not within the issues presented by the pleadings, because at an earlier trial of the case, about six months before, precisely the same instructions were given. The plaintiff was necessarily advised at that time of the interpretation placed by the trial court on the pleadings, and can not have been taken by surprise in that regard at the second trial. If the interpretation was erroneous no prejudice could have resulted to the plaintiff, as he had full opportunity to meet the issues so presented. This consideration disposes also of objections made with regard to the admission of evidence on this issue and the rejection of an instruction concerning it, and also in relation to another instruction which it is contended enlarged the issues made by the pleadings.

Objection is made to evidence regarding the custom of the company in retaining the right to place its salesmen at work in the house. It is argued that the plaintiff's rights were to be determined by a definite contract, and were not to be affected by custom. There was a conflict as to the terms of the agreement, the company contending that it was the same as in the case of other salesmen. We think under the circumstances the evidence was competent. At all events, it could not have affected the judgment of the jury on the issue covered by the special finding referred to, which compelled a judgment for the defendant.

Complaint is made of orders striking out certain evidence, but the excluded portions do not seem to have been vital, if competent.

The judgment is affirmed.